## Pesce et ux. v. Ingafu

*Samuel M. Sharkis,* for plaintiffs.
*Harry L. Clark,* for defendant.

LEWIS, J., August 20, 1943.—This matter is before us on a bill in equity to restrain defendant from engaging in a shoe-repairing business. . . .

It presents a single question as to the reasonableness of the restriction to which the parties agreed. The restriction prohibits defendant's engaging in the shoe-repair business within five blocks of the shop owned by plaintiffs, in which their son operated a shoe-repair shop. When the son was called into the Army, the shop and its equipment were leased to defendant until such time as the son should return from the Nation's service. Probably sooner than any of the parties expected, the son was discharged for physical disability. The lease was then terminated and defendant was paid the consideration called for by the lease. Immediately thereafter, in direct defiance of his written agreement, defendant opened a shoe-repair store approximately one block away.

Defendant seeks to justify the violation of his agreement on legal grounds. One of the contentions is that, since the lease containing the restriction was made by the parents for the benefit of their son, it should not now be enforced. His argument is that such agreements in restraint of trade should not be enforced except to protect the business or trade of the covenantee. The general principle is correct; restrictions which restrain one party without benefiting the other party to the covenant should not be enforced. However, the interest of the parents in the welfare of their son is real and natural. It is not unreasonable for them to restrain another from encroaching upon their son's business, and such a restraint is to them a real benefit and reasonable.

The restriction against defendant's engaging in the same business within a radius of five blocks is not un-

reasonable. In a city of the size of Philadelphia, five blocks in either direction is only sufficient to encompass a small neighborhood, leaving the entire remaining portion of the city available. The intent of the parties that the son should return from the Army and be able to resume his trade without interference by defendant is reasonable. That which defendant has done is an intentional effort to take over the trade of the son despite his agreement. A court of equity will restrain such an act.

Another contention is that the restraint is unreasonable because it is not limited in time. Our courts have said that where the restraint is larger than necessary for the protection of the party in favor of whom it is made it is unreasonable. It may be that it would be a hardship on defendant to be restricted against plying his trade within the restricted zone at some time in the distant future. At such a time a court of equity would probably find its enforcement was no longer reasonable. However, we are not confronted with that question. Here defendant immediately opened up a shop within the restricted area. It is certainly reasonable to prevent such an open defiance of his agreement at this time. The obvious intent of the parties was to prevent exactly what has happened here. The broad policy of the law against agreements in restraint of trade will not excuse an attempt immediately to injure that which the parties agreed to protect; in this case the shoe-repairing business of the son. . . .

### Decree

And now, to wit, August 20, 1943, the cause having come on to be heard upon bill, answer, and proofs, it is ordered, adjudged, and decreed:

1. That defendant, John Ingafu, is hereby enjoined and restrained, himself or by his servant, agent, or employe, from operating a shoe-repair shop at 1944 South Sixty-fifth Street, Philadelphia, or at any other

place within a radius of five blocks of 1862 South Sixty-fifth Street, Philadelphia, or to hire himself to any shoe-repair shop within the same district.

2. That defendant pay all costs of these proceedings.